UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------------x
Owen Chaikin,

                Plaintiff,                            C.A. No.: 7:24-cv-2490

    -against-                                             **DEMAND FOR JURY TRIAL**

Transunion, LLC,
Equifax Information Services, LLC,
Experian Information Solutions, Inc.,
Nissan Motor Acceptance Corporation,

                Defendant(s).
-----------------------------------------------------------------------------x

## **COMPLAINT**

Plaintiff Owen Chaikin ("Plaintiff"), by and through his attorneys, and as for his Complaint against Defendant Transunion, LLC ("Transunion"), Defendant Equifax Information Services, LLC ("Equifax"), Defendant Experian Information Solutions, Inc. ("Experian"), and Defendant Nissan Motor Acceptance Corporation ("Nissan") respectfully sets forth, complains, and alleges, upon information and belief, the following:

### **JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

3. Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

## PARTIES

4. Plaintiff is currently a resident of the State of New York, County of Putnam.

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. Transunion is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Transunion is a Delaware corporation registered to do business in the State of New York and may be served with process upon the Prentice-Hall Corporation System, its registered agent for service of process at 80 State Street, Albany, New York 12207.

7. At all times material hereto, Transunion is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

8. At all times material hereto, Transunion disbursed such consumer reports to third parties under a contract for monetary compensation.

9. Equifax is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Equifax is a Georgia corporation registered to do business in the State of New York and may be served with process upon the Corporation Service Company, its registered agent for service of process at 80 State Street, Albany, New York 12207.

10. At all times material hereto, Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers

for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

11. At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

12. Experian is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Experian is an Ohio corporation registered to do business in the State of New York and may be served with process upon the C T Corporation System, its registered agent for service of process at 28 Liberty Street, New York, New York 10005.

13. At all times material hereto, Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

14. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

15. Nissan is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 and may be served with process upon the Corporation Service Company, its registered agent for service of process at 80 State Street, Albany, New York 12207.

## FACTUAL ALLEGATIONS

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

17. This Complaint relates to Plaintiff's Nissan-Infiniti LT account with an account number of 250074********88 ("Account").

18. On or around August 31, 2015, Plaintiff leased a new vehicle through Nissan.

19. The lease was due to be completed in August of 2018.

20. About three months prior to the end of the lease, the vehicle was towed for being illegally parked.

21. Nissan was notified that the vehicle was towed.

22. In June of 2018, with three months left, the vehicle was repossessed.

23. Plaintiff never heard from Nissan either by phone, email, letter or otherwise.

24. Subsequently on June 27, 2018, the repossessed vehicle was sold to a new owner, after which Nissan was able to recover some of the loss from the repossession.

25. Despite the vehicle being sold to a new owner, the complete outstanding balance in the amount of $32,577 is being reported on Plaintiff's credit reports as a charge-off.

<u>Nissan Infiniti LT Dispute and Violation</u>

26. Upon information and belief, on a date better known to Transunion, Equifax and Experian ("Bureaus"), the Bureaus prepared and issued credit reports concerning the Plaintiff that included inaccurate and misleading information.

27. The inaccurate information furnished by Nissan and published by the Bureaus is inaccurate since the Account is listed as a charge-off with the full outstanding balance even though Nissan recouped some of the balance at auction.

28. Reporting the Account as charge-off with an inaccurate outstanding balance severely and negatively impacts Plaintiff's perceived credit worthiness.

29. By marking Plaintiff's Account as a charge-off for the full balance on his credit reports, Defendants give the false impression to potential lenders that Plaintiff still owes the entire outstanding balance to Nissan.

30. The Bureaus all mark Plaintiff's Account as a charge-off with a $32,577 outstanding balance.

31. In fact, the vehicle was sold within thirty days of being repossessed from Plaintiff.

32. Therefore, the sales price should have been deducted from the balance owed on the vehicle.

33. A charge off is considered the most serious delinquency in the credit reporting world.

34. Plaintiff worked for a car dealer that sold Nissan vehicles at the time and tried to resolve the derogatory reporting internally as well without success.

35. Plaintiff was told to dispute to the Bureaus in order for the inaccurate notation to be removed.

36. Plaintiff disputed the Account with the Bureaus and directly with Nissan numerous times with no change to the derogatory reporting.

37. In his disputes, he explained the context that surrounded the repossession and explained why the outstanding balance listed as a charge-off is inaccurate and should be removed from his credit reports or corrected to reflect an accurate balance.

38. Additionally, Plaintiff included supporting documentation along with his dispute to the Bureaus.

39. Plaintiff disputed the Account with all the Bureaus most recently with a letter dated August 7, 2023, with still no change made to the derogatory reporting.

40. Upon information and belief, the Bureaus sent Nissan notice of Plaintiff's dispute.

41. Upon receipt of Plaintiff's Account dispute letters from the Bureaus, Nissan failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on Plaintiff's consumer reports with respect to the disputed Account.

42. Had Nissan preformed a reasonable investigation of the Plaintiff's dispute, it would have been revealed to Nissan that the Bureaus reporting the Account inaccurately as a charge-off with the full outstanding balance was the result of Nissan's own poor handling of Plaintiff's account and not the fault of Plaintiff.

43. Despite Plaintiff's disputes that the information on his consumer reports was inaccurate with respect to the disputed Account, the Bureaus did not timely evaluate or consider any of the information or claims of the Plaintiff and did not timely make an attempt to substantially or reasonably verify that the derogatory information concerning the disputed Account was inaccurate.

44. Had the Bureaus performed a reasonable investigation of the Plaintiff's dispute, it would have been revealed to the Bureaus that the charge-off notation was improperly listed in the full amount of the debt.

45. The Bureaus have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors.

46. Potential credit grantors reviewed Plaintiff's credit reports, as evidenced by soft and hard pulls on Plaintiff's credit reports.

47. Upon receipt of the disputes of the account from the Plaintiff, Nissan failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed Account.

48. The Bureaus violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation since they failed to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

49. Notwithstanding Plaintiff's efforts, Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors, as evidenced by the inquiries on the Plaintiff's credit report in the form of hard and soft pulls.

50. Plaintiff applied for a Capital One credit card and received a denial notice on January 11, 2024.

51. Plaintiff has experienced great difficulty obtaining a mortgage at a decent rate.

52. The inaccurate balance associated with the charge-off notation listed on the Account was a substantial factor contributing to Plaintiff's inability to qualify for new credit.

53. As a result of Defendants' failure to comply with the FCRA, Plaintiff suffered concrete harm in the form of loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

## FIRST CAUSE OF ACTION
**(Willful Violation of the FCRA as to the Bureaus)**

54. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

55. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

56. The Bureaus violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that the Bureaus maintained concerning the Plaintiff.

57. The Bureaus have willfully and recklessly failed to comply with the Act. The failure of the Bureaus to comply with the Act includes but is not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which the Bureaus had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

    g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised the Bureaus to delete;

    h) The failure to take adequate steps to verify information the Bureaus had reason to believe was inaccurate before including it in the credit report of the consumer.

58. As a result of the conduct, action and inaction of the Bureaus, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on

future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

59. The conduct, action and inaction of the Bureaus was willful rendering the Bureaus liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n).

60. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureaus in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681 (n).

WHEREFORE, Plaintiff, Owen Chaikin, an individual, demands judgement in his favor against the Bureaus for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION

**(Negligent Violation of the FCRA as to the Bureaus)**

61. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

62. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

63. The Bureaus violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

64. The Bureaus have negligently failed to comply with the Act. The failure of the Bureaus to comply with the Act includes but is necessarily limited to the following:

a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which the Bureaus had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised the Bureaus to delete;

h) The failure to take adequate steps to verify information the Bureaus had reason to believe was inaccurate before including it in the credit report of the consumer.

65. As a result of the conduct, action and inaction of the Bureaus, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

66. The conduct, action and inaction of the Bureaus was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

67. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureaus in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Owen Chaikin, an individual, demands judgement in his favor against the Bureaus for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681o.

### THIRD CAUSE OF ACTION
**(Willful Violation of the FCRA as to Nissan Infiniti LT)**

68. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

69. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

70. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

71. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

72. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

73. Nissan violated 15 U.S.C. § 1681s-2 by failing to fully and properly investigate the dispute of the Plaintiff; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

74. As a result of the conduct, action and inaction of Nissan, Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

75. The conduct, action and inaction of Nissan was willful, rendering Nissan liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

76. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Nissan in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Owen Chaikin, an individual demands judgement in his favor against Nissan in for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

## FOURTH CAUSE OF ACTION

**(Negligent Violation of the FCRA as to Nissan Infiniti LT)**

77. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

78. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

79. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information in a consumer credit report.

80. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

81. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

82. Nissan is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

83. After receiving the Dispute Notice from the Bureaus, Nissan negligently failed to conduct its reinvestigation in good faith.

84. A reasonable investigation would require a furnisher such as Nissan to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

85. The conduct, action and inaction of Nissan was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

86. As a result of the conduct, action and inaction of Nissan, Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

87. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Nissan in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Owen Chaikin, an individual, demands judgement in his favor against Nissan for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## **DEMAND FOR TRIAL BY JURY**

88. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this Complaint to which Plaintiff is or may be entitled to a jury trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d) For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

g) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: April 2, 2024                                        Respectfully Submitted,

/s/ *Tamir Saland*
**Stein Saks, PLLC**
By: Tamir Saland
One University Plaza, Ste 620
Hackensack, NJ 07601
Phone: (201) 282-6500
Fax: (201)-282-6501
tsaland@steinsakslegal.com